In the Matter of the Application of BERTHA LOMAX, Appellant, as Successor Executrix, etc., of ROSE MEGUIN, Also Known as ROSALIE MEGUIN, Deceased, to Discover Certain Property of Said Deceased Claimed to Be Withheld. EMILIE LUZINO, Respondent.— Order granting respondent's motion and dismissing a discovery proceeding to determine whether or not the petitioner is entitled to receive the proceeds of a policy of life insurance as an asset of the estate of which she is successor executrix reversed on the law and the facts, with ten dollars costs and disbursements, payable by respondent personally, and motion denied, without costs. In our opinion, the judgment in favor of the respondent in the replevin action instituted in the City Court is not binding upon the appellant as successor executrix of the estate in question, for the reason that it appears that this judgment was obtained against one Emma Sesselman, as executrix of the estate of a deceased executor. Such an executrix was simply a temporary custodian of the estate which came into the possession of the deceased executor, and her only obligation was to render an accounting of his proceeding as executor to the time of his death. (*Matter of Hogeboom*, 219 App. Div. 131, 135.) In the absence of a judgment binding upon the estate, we are of opinion that sections 205 and 206 of the Surrogate's Court Act empower the surrogate to determine the issue of title to the specific fund represented by the proceeds of this life insurance policy on the issues raised by the respective claims thereto by the petitioner and the respondent. Young, Hagarty, Johnston, Adel and Taylor, JJ., concur.

In the Matter of the Judicial Settlement of the Account of Proceedings of MANUFACTURERS TRUST COMPANY and Others, as Trustees under the Last Will and Testament of JOHN MURPHY, Deceased, Respondents. IDA MURPHY TODD, Appellant.— Decree of the Surrogate's Court of Kings county judicially settling the account of trustees, in so far as an appeal is taken therefrom, and order denying motion for a supplemental account, unanimously affirmed, with costs to respondents, payable out of the estate. No opinion. Present — Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ.

In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of NEW ROCHELLE TRUST COMPANY, as Substituted Trustee for FLORENCE YOUNG (Now McKEAGE), under the Last Will and Testament of CHARLES HENRY YOUNG, Deceased. In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of NEW ROCHELLE TRUST COMPANY, as Substituted Trustee for MARGARET YOUNG under the Last Will and Testament of CHARLES HENRY YOUNG, Deceased. SEACORD, RITCHIE & YOUNG, Petitioners, and NEW ROCHELLE TRUST COMPANY, as Substituted Trustee, Appellants; FLORENCE YOUNG (Now McKEAGE) and MARGARET YOUNG, Respondents.— Order of the Surrogate's Court of Westchester county denying application of attorneys for a trustee to have compensation fixed and determined by the surrogate pursuant to section 231-a of the Surrogate's Court Act affirmed, with ten dollars costs and disbursements to respondents, payable out of the estate. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.